UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAMESH C. GUPTA, M.D.,                                    04-CV-0252E(Sc)

                    Plaintiff,

                                                         MEMORANDUM
          -vs-
                                                             and

NATIONAL LIFE INSURANCE CO.,                                ORDER[1]

                    Defendant.

_____


          Plaintiff Ramesh C. Gupta, M.D. ("Gupta") alleges that he purchased three

disability insurance policies from defendant National Life Insurance Company

("National") in the early 1970s.[2] He asserts that such policies were to pay monthly

benefits of $2,000, $1,000 and $500 respectively, from the date of disability to Gupta's

65th birthday.  Gupta also contends, however, that for each policy he purchased a

Lifetime Income Benefit rider which provides for such disability payments to continue

for his lifetime so long as the onset of the disability occurred prior to Gupta's 50th

birthday.  Gupta also asserts that he purchased for each policy a Lifetime Sickness

Income rider which provides for an additional monthly benefit of 50% of the monthly

benefit beginning on his 65th birthday.  Gupta contends that he satisfied all

requirements under the insurance contracts but, as of his 65th birthday, National has

_____

          [1]This decision may be cited in whole or in any part.

          [2]Gupta purchased policy number D1454083 in 1972, policy number D1476687 in 1973 and
policy number D1529003 in 1975.  Gupta's first claim relates to the 1972 policy.  His second claim
relates to the 1973 policy and his third claim relates to the 1975 policy.

been providing a monthly benefit of only $1,750 rather than the $5,250 to which Gupta claims to be entitled.

Pending before the Court are National's partial Motion for Summary Judgment seeking to dismiss the second and third causes of action because in 1978 Gupta assigned his rights in the 1973 and 1975 policies to his now ex-wife, Marilyn Nevins, and therefore Gupta cannot sue based on those policies.  In response, Gupta has filed a Motion to Amend his Amended Complaint to add Nevins as a party plaintiff.  Gupta also opposes National's Motion, arguing that he is a third-party beneficiary of the 1973 and 1975 policies.

A.  <u>Motion to Amend</u>

Rule 15(a) of the Federal Rules of Civil Procedure ("FRCvP") states in part that "a party may amend the party's pleading only by leave of court ∗∗∗ ; and leave shall be freely given when justice so requires."  FRCvP 15(a).  Leave to amend is generally granted in the absence of (1) undue delay; (2) dilatory purposes or bad faith; (3) undue prejudice to the opposing party; and (4) futility of the amendment. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).  National argues that the Motion to Amend should be denied because Gupta unreasonably delayed in seeking to add Nevins as a party and because National would be prejudiced by the additional delay should Gupta be permitted to amend.

National argues that Gupta has unreasonably delayed in adding Nevins as a party because Gupta has been aware since National filed its Answer in May 2004

that National would defend the claims related to the 1973 and 1975 policies by asserting Gupta's assignment of the policies to Nevins as a defense.  National further notes that the same defense was asserted in its Answer to the Amended Complaint in January 2005.  National argues that Gupta could have added Nevins as a party in January 2005 when he filed the Amended Complaint, but failed to do so.  Finally, National argues that, although Gupta's counsel advised National in June 2005 that he intended to file a Second Amended Complaint in order to add Nevins, Gupta failed to seek this Court's permission until October 19, 2005, the date on which motions for summary judgment were to be filed.  National asserts that it will be prejudiced if Gupta is granted leave to amend a second time because discovery will have to be re-opened and Gupta had ample opportunity to seek to amend at an earlier time.[3]

Gupta argues that this Court's Fourth and Final Scheduling Order permitted motions to be filed up to October 19, 2005 and therefore this Motion to Amend was timely filed.  Gupta offers no defense for his failure to add Nevins earlier but argues that, as he advised National of his intent to add Nevins as a plaintiff, National could have, but did not, seek any discovery relevant to Nevins's claims prior to the discovery deadline.

While cognizant of the general proposition that leave to amend should generally be granted, the Court declines to grant leave in this case.  The pleadings

---

[3]National proposes, in the alternative, that Nevins be required to turn over all relevant documents in her possession and to submit to a deposition prior to this Court's making a determination on Gupta's Motion to Amend.

demonstrate that Gupta was aware, as of 2004, that Nevins was a proper plaintiff with respect to the 1973 and 1975 policies.  Notwithstanding such notice, Gupta failed to even indicate any intent to join Nevins as a plaintiff until June 2005. While Gupta contends that such notification should have prompted National to seek discovery as to Nevins's yet-to-be-asserted claims, the Court disagrees inasmuch as Gupta made no motion to amend during the period for discovery. Gupta interprets the Court's Fourth and Final Scheduling Order as permitting any and all motions to be filed on or before October 19, 2005; however, even a cursory reading of that Order indicates that motions *for summary judgment* were to be filed on or before that date. A motion to add new claims or new parties — particularly ones which would require additional discovery — should have been filed well before that date.  Therefore, Gupta's Motion to Amend will be denied.

B.  <u>Motion for Summary Judgment</u>

FRCvP 56(c) states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Goenaga* v. *March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir. 1995) (internal citation omitted).  If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment

motion. *Ibid.* In other words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322 (1986).

Not every factual dispute will preclude summary judgment, however. Summary judgment is appropriate where there is "no genuine issue of material fact." *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid.* Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex,* at 323. Additionally, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson,* at 248.

Finally, "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *St. Pierre* v. *Dyer,* 208 F.3d 394, 404 (2d Cir. 2000) (*citing Anderson,* at 255). Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment. *See Goenaga,* at 18.

- 5 -

National seeks summary judgment on the second and third causes of action arguing that Gupta lacks standing to sue on the 1973 and 1975 policies because he assigned all of his rights in those policies to Nevins. Gupta's initial response to National's Motion failed to address, in any respect, Gupta's ability to sue on the 1973 and 1975 policies and instead centered on why he should be permitted to add Nevins as a party. In his reply to National's Motion, however, Gupta argued for the first time that he was a third-party beneficiary of the 1973 and 1975 policies.

First, the Court notes that, Gupta's counsel has yet again disregarded this Court's Local Rules of Civil Procedure ("LRCvP") and has failed to properly oppose National's Motion.[4] Gupta has failed to file a memorandum of law in opposition to National's motion — in disregard of LRCvP 7.1 — and failed to file a Statement of Disputed Material Facts — in disregard of LRCvP 56.1. Thus, Gupta has failed to submit any facts or law opposing the instant Motion.[5]

National has provided evidence demonstrating that Gupta assigned all of his rights in the 1973 and 1975 policies to Nevins.[6] Gupta admits that he, in fact,

---

[4]The Court first admonished counsel for such failures in its December 10, 2004 Memorandum and Order. Further disregard of the Local Rules is at counsel's peril.

[5]The Court notes, however, that the disposition of this Motion is based — not on Gupta's failure to provide proper opposing materials — but on National's provision of undisputed evidence demonstrating that it is entitled to judgment as a matter of law.

[6]Both Assignments state:
> "Said assignee is hereby authorized and empowered to do and perform every act and thing necessary, convenient or desirable to fully exercise and enjoy every right, privilege, benefit and advantage hereby transferred and the specific mention herein of

(continued...)

assigned the policies to Nevins.  Therefore, as a matter of law, Gupta cannot state a

claim — as the owner of the policies — for breach thereof.  However, as noted, Gupta

now contends that he is a third-party beneficiary of the policies and can therefore

state a claim for breach thereof.[7]

Gupta's bald assertion of third-party beneficiary status is meritless.  New York

courts have adopted the standard contained in the Restatement (Second) of

Contracts for determining whether a party should be afforded rights as a third-party

beneficiary to a contract.  *See Fourth Ocean Putnam Corp.* v. *Interstate Wrecking Co.,*

66 N.Y.2d 38, 495 N.Y.S.2d 1, 5 (1985); *see also Houbigant, Inc.* v. *Development*

*Specialists, Inc.,* 229 F. Supp.2d 208, 217 (S.D.N.Y. 2002).  Only an intended beneficiary

is entitled to assert rights under a contract.  Section 302(1) of the Restatement

(Second) of Contracts provides:

> "[A] beneficiary of a promise is an intended beneficiary if recognition of
> a right to performance in the beneficiary is appropriate to effectuate the
> intention of the parties and either: (a) the performance of the promise
> will satisfy an obligation of the promisee to pay money to the
> beneficiary; or (b) the circumstances indicate that the promisee intends
> to give the beneficiary the benefit of the promised performance."

Gupta has provided no evidence raising a genuine issue as to whether the

parties to the 1973 and 1975 policies — *i.e.,* National and Nevins — intended for

---

[6](...continued)
    any right or privilege shall not exclude other rights or privileges
    generally referred to or reasonably implied herein."

[7]Neither the Amended Complaint, nor the Proposed Second Amended Complaint, asserts
any third-party beneficiary rights on Gupta's behalf.

Gupta to be a beneficiary of the policies.  Neither the policies themselves nor the assignments indicate any intent for Gupta — or any other party — to be benefitted. This conclusion is buttressed by Gupta's own argument that the terms of his Separation Agreement rather than the policies rendered him a third-party beneficiary.[8] There is no evidence from which a disputed factual issue could be found that National intended for the policies to benefit any person other than the named owner.  Therefore, Gupta's assertion of third-party beneficiary status is meritless.

Accordingly, it is **ORDERED** that Gupta's Motion to Amend the Complaint is denied and National's Motion for Partial Summary Judgment is granted and the second and third claims for relief are dismissed.  The parties shall appear before this Court on the 11th day of August, 2006 at 3:00 p.m. (or as soon thereafter as they may be heard) to set a date for trial.

DATED:    Buffalo, N.Y.

July 14, 2006

_/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.

---

[8]Paragraph 4 of Gupta's counsel's Reply Affidavit states:
"The Separation Agreement confirms that [Gupta] contracted with his ex-wife to make certain payments to her.  These payments were, in effect, guaranteed by the assignment of two disability policies to Marilyn Nevins.  The monthly payment of the disability benefit was directed to Marilyn Nevins to satisfy the contract obligation of [Gupta]. [Gupta] became the third-party beneficiary of the payments made by [National] to Marilyn Nevins.  Any reduction in those payments by [National] caused direct financial harm to plaintiff [Gupta]."