UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RAMESH C. GUPTA, M.D., | 04-CV-0252E(Sc) |
| Plaintiff, | |
| -vs- | MEMORANDUM |
| | and |
| NATIONAL LIFE INSURANCE CO., | ORDER[1] |
| Defendant. | |

---

In this action, plaintiff Ramesh C. Gupta, M.D. ("Gupta") alleges that the defendant National Life Insurance Company ("National") has breached a contract of disability insurance — and its attendant riders — it had made with Gupta. The trial of this matter is scheduled to commence on Monday, September 18, 2006. Pending before the Court is Gupta's Motion to File a Jury Demand Out of Time.

Gupta initially commenced this action in New York State Supreme Court, Erie County. National removed the action to this Court on April 2, 2004. At the time of removal, National had not yet served or filed its Answer. National filed its Answer on May 3, 2004. Discovery commenced and on January 7, 2005 Gupta filed an Amended Complaint adding new allegations concerning an additional "Lifetime Sickness Income" rider to the subject policy which he contends National has also breached and continues to breach on a monthly basis. Also on January 7, 2005 Gupta filed a Demand for Jury Trial. National filed its Answer to the Amended Complaint

---

[1]This decision may be cited in whole or in any part.

on January 24, 2005. Discovery concluded and the Court ruled on various dispositive motions.

On August 11, 2006 the parties appeared before the Court in order to set a date for trial. At that time, the Court inquired of the parties as to the anticipated length of the trial and confirmed that the matter was to be tried to a jury. Gupta's counsel affirmatively stated that this was a jury trial and National's counsel remained silent as to the matter.

On August 16, 2006 Gupta filed the instant Motion seeking leave to file out of time the jury demand previously filed in January 2005. National filed opposition on August 25, 2006 arguing that, pursuant to Rule 81(b) of the Local Rules of Civil Procedure ("LRCvP") and Rule 81 of the Federal Rules of Civil Procedure (FRCvP"), the demand should have been filed within ten days of the removal of the action to this Court. The Court heard oral argument on September 1, 2006. For the following reasons, the Court concludes that the demand was timely filed on January 7, 2005 and that, even if it had not been timely filed, Gupta's Motion for late filing should be granted.

LRCvP 81(b) directs that, in removed actions, the jury demand is to be "filed and served as provided by [FRCvP] 81(c)." In turn, FRCvP 81(c) provides that:

> " *If at the time of removal all necessary pleadings have been served,* a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice and filing of the petition."

FRCvP 81(c) (emphasis added).  Here, however, not all necessary pleadings were served at the time of removal.  National served and filed its Answer *after* removal.  Thus, that language is inapplicable to the instant case.  FRCvP 81(c) also provides direction for cases in which a demand was filed prior to removal and in which the state law applicable in the court from which a case was removed does not require an express demand for jury trial.  Neither of those situations is applicable to the instant case.  Accordingly, this case does not fit within the parameters of FRCvP 81(c).  *See Miller* v. *Merrill Lynch Credit Corp.*, 2004 WL 813029 at * 1 n.1 (D. Conn. 2004)(*citing Wysowski* v. *Sitmar Cruises*, 127 F.R.D. 446, 447-48 (D. Conn. 1989)).

National argues that LRCvP 81(b) extends the ten-day deadline for filing of the jury demand to *all* removed cases, not simply to those in which all pleadings have been served prior to the removal.  Application of the local rule in that manner, however, would reduce the amount of time in which to file the demand otherwise available under FRCvP 38(b), and the Court will not construe the local rule to have such meaning.

FRCvP 38 regulates the content and timing of a jury demand in an action otherwise commenced in federal court.  In this Circuit, cases in which all pleadings have not been served at the time of removal are governed by FRCvP 38.  *Cascone* v. *Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983).  Rule 38(b) provides for filing of the demand "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."  FRCvP 38(b).

National did not file its Answer to the Complaint until May 3, 2004.  Thus, if the Court were to accept National's argument that the demand in all removed actions must be filed within 10 days of removal, Gupta's demand should have been filed no later than April 15, 2004, notwithstanding the fact that National had yet to file its Answer.  Again, the Court will not construe LRCvP 81(b) to negate the otherwise applicable provisions of FRCvP 38.

In addition to the initial Complaint and Answer thereto, however, in this case Gupta filed an Amended Complaint.  An amended pleading will delay the time in which to file a jury demand if the amended pleading raises new issues.  *See Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973).  In this case, Gupta alleged in his Amended Complaint that National breached a second rider — an issue not raised in his initial Complaint.  Thus, Gupta's filing of the Amended Complaint recommenced the time in which he could file a jury demand.  Accordingly, the demand contemporaneously filed with the Amended Complaint was timely under FRCvP 38(b).

However, even if the demand was not timely filed under Rule 38(b), the Court has discretion to permit late filings under FRCvP 39.  *See* FRCvP 39(b) ("\*\*\* the court in its discretion upon motion may order a trial by jury of any or all issues.").  In determining whether or not to permit the late filing of a demand in a removed action through exercise of FRCvP 39 discretion, courts generally consider (1) whether the action is traditionally tried to a jury; (2) whether the parties have proceeded on the

assumption that there would be a jury trial; and (3) whether granting the late demand would cause undue prejudice to the defendant.  See *Higgins* v. *Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975); *see also Cascone*, at 392-93.  All three of those factors weigh in favor of permitting a late demand in this case.  This is a breach of contract action, *i.e.*, one which is traditionally tried to a jury.  Next, based on National's failure to object to the demand at the time it was filed and National's silence when this Court scheduled this matter for a jury trial just last month, the Court concludes that the parties have proceeded on the assumption that the matter would be tried to a jury.  Finally, National has failed to argue — and the Court cannot see how it could conclude — that National would be prejudiced in any way by allowing the late demand.

Accordingly, the Court concludes that the Jury Demand was timely filed within the requirements of FRCvP 38(b) and — even if not timely filed — the Court would grant leave to file the Demand out of time under FRCvP 39 and therefore it is **ORDERED** that Gupta's Motion is granted.

DATED:     Buffalo, N.Y.

September 6, 2006

/s/ *John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.